UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| Larry Gordon,<br>On Behalf Of Himself and<br>All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br>　　v<br><br>Forster & Garbus, LLP, Transworld Systems, Inc.,<br>National Collegiate Student Loan Trust 2006-3,<br>The National Collegiate Funding LLC,<br>Vantage Capital Group, LLC, Mark A. Garbus, and<br>Ronald Forster,<br><br>　　　　　　　　　　Defendants. | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Larry Gordon [hereinafter "Gordon"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Forster & Garbus, LLP, Transworld Systems, Inc. ("Transworld"), National Collegiate Student Loan Trust 2006-3 ("NCSLT"), The National Collegiate Funding LLC ("NCF"), Vantage Capital Group, LLC, ("Vantage"), Mark A. Garbus ("Garbus"), and Ronald Forster ("Forster"), collectively, individually and in any combination known as Defendants and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on one or more Defendants

    possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendants also derive substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Gordon is a natural person who resides at 68 Bradhurst Avenue, Apt. 5E, New York, NY 10039.

6. Gordon is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. F&G is a limited liability partnership with a principal place of business located at 60 Motor Parkway, Commack, NY 11725.

8. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes any attorney-at-law or law firm engaging in traditional debt collection activity. See also <u>Eric M. Berman, P.C. v. City of N.Y.</u>, 796 F.3d 171 (2nd Cir., 2015).

9. F&G possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

10. On the second page of Exhibit A, Exhibit B, and Exhibit C, F&G sets forth that it is a debt collector attempting to collect an alleged debt. Exhibit A Exhibit B, and Exhibit C, contain

disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

11. Based upon Exhibit A and upon F&G possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of F&G is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

12. Based upon the allegations in the above four paragraphs, F&G is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

13. Transworld is a California Domestic Corporation and a New York Foreign Corporation with a principal place of business of 500 Virginia Drive, Ste. 514, Ft. Washington, PA 19034.

14. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.

15. Transworld possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".]

16. Transworld operates an "Attorney Network business unit which is the agent and "Service Provider" for fifteen Delaware statutory trusts including Defendants National Collegiate Student Loan Trust 2006-3.

17. Based on the above, the principal purpose of Transworld is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be

owed or due to another.

18. Based upon the allegations in the above four paragraphs, Transworld is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

19. On February 20, 2017, F&G at the request and/or with the authority of Transworld and on behalf of National Collegiate Student Loan Trust 2006-3 filed Exhibit A against Gordon.

20. On March 13, 2017, F&G at the request and/or with the authority of Transworld and on behalf of National Collegiate Student Loan Trust 2006-3 served Exhibit A on Kindel.

21. For the reasons set forth below, Gordon's receipt and reading of Exhibit A, deprived Gordon of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

22. Per Exhibit A, Exhibit A was filed and served to attempt to collect from Gordon an educational loan debt. Also, Exhibit A, was an attempt to collect these past due debts from Gordon in his individual capacity. Therefore, the past due debts at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

23. The National Collegiate Funding LLC is a corporation with a principal place of business of c/o Wilmington Trust Company, as Owner Trustee, 100 North Market Street, Wilmington, DE 19890.

24. National Collegiate Student Loan Trust 2006-3 is a Delaware Statutory Trust with a principal place of business at c/o Wilmington Trust Company, as Owner Trustee, 100 North Market Street, Wilmington, DE 19890.

25. Vantage is a Limited Liability Company located in Delray Beach, Florida.

26. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any

instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 U.S.C. § 1692b(6) contains specific exclusions; and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

27. Garbus is an "individual" with a principal place of business located at "debt collector" F&G, a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G, and/or controls and/or supervises the debt collection activities of "debt collector" F&G. Garbus therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Garbus is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

28. Garbus is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of F&G.

29. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes an "individual". See 1 USC 1. 15 U.S.C. § 1692b(6) contains specific exclusions;

and an attorney who is an officer or employee of a law firm named after himself is not among those excluded.

30. Forster is an "individual" with a principal place of business located at "debt collector" F&G, a partner of the "debt collector" F&G, a main financial beneficiary of "debt collector" F&G, and/or controls and/or supervises the debt collection activities of "debt collector" F&G. Forster therefore is a "person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Forster is a debt collector as defined by 15 U.S.C. § 1692b(6) and 1 USC 1.

31. Forster is accordingly liable to Plaintiff based on being a "debt collector" and based on the acts of F&G.

## FIRST CAUSE OF ACTION-CLASS CLAIM

32. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-31 of this Complaint.

33. Transworld is directly responsible for Exhibit A and/or is vicariously liable for the actions of F&G as regards Exhibit A.

34. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt by F&G, Transworld, Garbus, and Forster in violation of 15 USC 1692e, 15 USC 1692e(2)(A), 15 U.S.C. § 1692e(3), 15 U.S.C. § 1692e(5), and 15 USC 1692e(10).

## SECOND CAUSE OF ACTION-CLASS CLAIM

35. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-31.

36. Transworld is directly responsible for Exhibit A and/or is vicariously liable for the actions of F&G as regards Exhibit A.

37. Exhibit A amounted to an unfair or unconscionable means to collect or attempt to collect a debt by F&G, Transworld, Garbus, and Forster in violation of 15 USC 1692f, and/or 15 USC 1692f (1).

## THIRD CAUSE OF ACTION-CLASS CLAIM

38. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-47 of this Complaint.

39. The filing and/or service of Exhibit A by F&G was deceptive or misleading.

40. The filing and/or service of Exhibit A by F&G was consumer oriented for the following reasons:

    a. It was directed at Plaintiff;

    b. Plaintiff is a consumer;

    c. The conduct at issue against Plaintiff, a consumer, affected or had the potential to affect similarly situated consumers; and

    d. Defendants regularly attempt to collect student loans and other consumer debts from hundreds or thousands of consumers. A lawsuit identical or similar to Exhibit A was directed at numerous numbers of these consumers.

41. Plaintiff suffered injuries as a result of the deceptive or misleading actions including but not limited to the aforementioned violations of his rights under the FDCPA, the cost of retaining an attorney to defend him, and the emotional distress of being sued.

42. Transworld is vicariously liable and/or directly responsible for each action, deception, and misrepresentation resulting from the filing and/or service of Exhibit A.

43. The actions by F&G and Transworld set forth in this Complaint were done by F&G and Transworld as the attorney and/or agent of and for the benefit of NCSLT, NCF, and Vantage.

44. The actions by F&G and Transworld set forth in this Complaint were done by F&G and Transworld with the knowledge and/or authority of NCSLT, NCF, and Vantage.

45. In light of the allegations in this cause of action, each action, deception, and misrepresentation resulting from the filing and/or service of Exhibit A constitute a violation of General Business Law 349 by Defendants.

## CLASS ALLEGATIONS

46. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

47. The class consist of (a) all natural persons (b) who were sued by or on behalf of any of the Defendants between February 20, 2017 and the present (c) via a lawsuit materially identical or substantially similar to Exhibit A

48. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

49. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

50. The predominant common question is whether Defendants' lawsuits violate the FDCPA.

51. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

52. A class action is the superior means of adjudicating this dispute.

53. Individual cases are not economically feasible.

    **WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory and actual damages in an amount to be determined at trial, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:	March 12, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 629-7709